UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VAN BERRY and JOSHUA BEDSON, Individually and on Behalf of Those Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 14-356-DCR |
| V. | ) ) | |
| OFFICE OF THE FAYETTE COUNTY SHERIFF, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Office of the Fayette County Sheriff's motion for a more definite statement. [Record No. 8] On September 4, 2014, Plaintiffs Van Berry and Joshua Bedson, on behalf of a putative class, brought this Fair Labor Standards Act ("FLSA") collective action against the defendant under 29 U.S.C. § 201 *et seq.* [Record No. 1] Finding the Complaint inadequate, the defendant asks the Court to order the plaintiffs to provide a more definite statement of their claims. Having considered the parties' respective positions, the defendant's motion will be denied.

The plaintiffs allege violations of the FLSA and Kentucky state law for unpaid overtime compensation. [Record No. 1] In the Complaint, the plaintiffs indicate that they are employed as deputies by the Fayette County Sheriff and have worked in excess of forty hours per workweek without being paid overtime compensation for those hours. As a result, the plaintiffs allege that they and similarly-situated employees suffered a loss of wages in violation of the FLSA and the Kentucky Wages and Hours Act, KRS Chapter 337.

## I.

As a threshold matter, this Court considers whether it has jurisdiction over the plaintiffs' state and federal claims. From their inception, "the States and the Federal Government have possessed certain immunities from suit in state and federal courts." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). This immunity "flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution." *Ernst*, 427 F.3d at 358. As a county agency, the Fayette County Sheriff's Office claims it is entitled to such immunity in the present case. [Record No. 8-1, p. 5]

While some states do not accord sovereign immunity to their political subdivisions, Kentucky law unquestionably extends immunity to its counties. *See Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 133-134 (Ky. 2004). Accordingly, absent a waiver, the defendant is entitled to sovereign immunity from state law claims. *See Ricchuite v. Johnson*, 2014 U.S. Dist. LEXIS 148559 (W.D. Ky. Oct. 20, 2014) (Kentucky county sheriff's office is entitled to sovereign immunity regarding state law claims). Such a waiver exists in this case. In *Madison County Fiscal Court v. Kentucky Labor Cabinet*, the Supreme Court of Kentucky held that KRS Chapter 337 implies that sovereign immunity has been waived for Kentucky wage and hour claims. 352 S.W.3d 572 (Ky. 2011); *see Ivey v. McCreary Cnty. Fiscal Court*, 939 F. Supp.2d 762 (E.D. Ky. 2013). Ultimately, "both cities and counties are subject to the wage and hour requirements of KRS Chapter 337," under Kentucky law. *Madison Cnty. Fiscal Court*, 352 S.W.3d at 576. The defendant appears to concede this point. [Record No. 8-1, p. 5] Hence, sovereign immunity does not bar the plaintiffs' state wage and hour claims.

The plaintiffs' FLSA claims derive from federal law. In *Jackson v. Commonwealth of Kentucky,* the Sixth Circuit addressed whether a federal district court had jurisdiction to hear an FLSA suit filed by state employees against the Commonwealth of Kentucky. 129 F.3d 1264 (6th Cir. 1997). The Sixth Circuit held that the court did not have subject matter jurisdiction over the plaintiffs' FLSA overtime claims because there was no explicit waiver of immunity by Kentucky and the Eleventh Amendment therefore precluded the claims.[1] *Id.* However, the plaintiffs' claims are not against the state but a county sheriff's office, and county governments are not immune from federal claims. *See Northern Ins. Co. v. Chatham Cnty.*, 547 U.S. 189 (2006) (only States are immune from suits authorized by federal law); *Doe v. Patton*, 381 F. Supp.2d 595, 602 (E.D. Ky. 2005) (under federal case law, sovereign immunity does not apply to county governments). Because the Eleventh Amendment "does not extend to counties and similar municipal corporations," it does not present a bar in this case. *Ivey*, 939 F. Supp.2d at 767; citing *Mt. Healthy City School Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 280 (1977). Thus, the Office of the Fayette County Sheriff is not entitled to sovereign immunity under the FLSA, and a blanket dismissal of the plaintiffs' federal claims is improper.

## II.

Rule 12(e) of the Federal Rules of Civil Procedure provides that, if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the responding party "may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e); *Evans-Marshall v. Board of Educ. Of Tipp*

---

[1] The Supreme Court has held that Congress's attempt to abrogate this immunity within the provisions of the FLSA by authorizing private actions against the states was constitutionally invalid. *Alden v. Maine*, 527 U.S. 706 (1999).

*City Exempted Village School Dist.*, 428 F.3d 223, 228 (6th Cir. 1005). Motions for a more definite statement are designed to address unintelligibility rather than a lack of detail and are disfavored by most courts. Such motions are rarely granted in view of the notice pleading standards of Rule 8(a)(2) and the availability of a variety of pretrial discovery procedures. *See United States v. Paul*, 2008 WL 2074024 (E.D. Ky. May 13, 2008).

The defendant argues that the Complaint does not satisfy the notice pleading standards set out by Fed. R. Civ. P. 8(a). [Record No. 8-1] Specifically, the defendant argues that the plaintiffs do not provide any factual allegations setting forth the basis for the alleged entitlement to overtime, do not identify the workweeks for which the plaintiffs were allegedly underpaid, and fail to allege an approximate number of overtime hours worked. [Id.] However, the Complaint sufficiently states facts which indicate that there is a plausible claim for relief, as required under Fed. R. Civ. P. 8(a) and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). It contains facts regarding all the material elements to obtain recovery under the relevant statutes. The plaintiffs allege that the Fayette County Sheriff is an employer as defined by the FLSA, briefly describe the job functions, and assert that they routinely worked in excess of forty hours per workweek without overtime compensation. [Record No. 1]

In support of its motion, the defendant also points to an apparent typographical error in the Complaint. In two instances, the plaintiffs cite to a non-existent "Kent. Rev. Stat. [§] 337.286" in Count Two of their Complaint. [Record No. 1, p. 13] Instead, Count Two should presumably cite KRS § 337.285, which codifies "time and a half" payment for employment in excess of forty hours. The undersigned admonishes plaintiffs' counsel to do a more diligent job in drafting pleadings for this Court in the future, but does not take

earnestly the defendant's argument that such a typographical error "is impossible to discern," given the context of the pleading. [See Record No. 8-1, p. 9] In short, this error is not fatal to the Complaint. *See Stephen v. Creal*, 2005 U.S. Dist. LEXIS 49314 (S.D. Ohio May 17, 2005); *see also Higgins v. BAC Home Loans Serv., LP*, 2014 U.S. Dist. LEXIS 43271 (E.D. Ky. Mar 31, 2014).

Moreover, motions for a more definite statement are granted only in exceptional circumstances, such as where a complaint fails to "distinguish between the defendants for each claim," *Bank v. Bosch Rexroth Corp.*, 2014 U.S. Dist. LEXIS 28043 at * (E.D. Ky., Mar. 5 2014), or contains "more or less 33 pages of ramblings that include unrelated case law, statute provisions, and indistinguishable allegations." *Taylor v. Holiday Inns, Inc.*, 2014 U.S. Dist. LEXIS 14421 (E.D. Ky., Feb. 6, 2014). In the present case, the plaintiffs' case is stated succinctly in a fifteen-page Complaint, alleging claims against the Fayette County Sheriff's Office as the sole defendant. [Record No. 1]

Although the defendant may have preferred more detailed allegations, such details are not necessary in the pleadings stage. *See Twombly*, 127 S. Ct. at 1965. The Complaint sufficiently puts the defendant on notice of the nature and basis of the suit. While it is certainly a better practice to clearly indicate specific factual details in pleadings, harmless vagaries are often resolved by discovery, the Rules of Civil Procedure, and a commonsense reading of the Complaint. Based on the Complaint, the defendant should realize it must defend claims under the FLSA and KRS Chapter 337 arising from its employment of the plaintiffs and the overtime hours they allegedly worked.

**III.**

Neither the plaintiffs' state-law nor federal-law claims against the Office of the Fayette County Sheriff are barred by sovereign immunity. Furhter, the plaintiffs' Complaint adequately states an intelligible claim. Accordingly, it is hereby

**ORDERED** that the defendant's motion for a more definite statement [Record No. 8] is **DENIED**.

This 14th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge