UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| VAN BERRY and JOSHUA BEDSON, ) Individually and on Behalf of ) Those Similarly Situated, ) ) Plaintiffs, ) ) V. ) ) OFFICE OF THE FAYETTE ) COUNTY SHERIFF, ) ) Defendant. ) | Civil Action No. 5: 14-356-DCR **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiffs Van Berry and Joshua Bedson's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members. [Record No. 15] The plaintiffs assert that a class should be certified under the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 216(b).[1] The class that the plaintiffs seek to certify consists of current and former deputies employed by Defendant Office of the Fayette County Sheriff ("FCSO"). [Record No. 15] Having reviewed the subject motion, the Court concludes that the plaintiffs have not stated a class proper for certification and cannot meet the requirements of 29 U.S.C. § 216(b). As a result, the motion will be denied.

**I.**

This action was filed on September 4, 2014, by Berry and Bedson, former sheriff's deputies employed by the FCSO. The plaintiffs allege that the defendant failed to pay its

---

[1] In addition to the FLSA claims, the plaintiffs allege class-wide state-law violations. [Record No. 1] However, the present motion seeks certification only under 29 U.S.C. § 216(b) of the FLSA. Accordingly, the Court will not address state-law class certification at this time.

-1-

deputies for all hours worked during their employment. Specifically, they claim that FCSO deputies were required to attend an unpaid roll call twice daily. Additionally, the assert that the deputies were not paid overtime wages for hours worked at the University of Kentucky football games and funerals.

The particular class that the plaintiffs seek to represent includes "[a]ll non-exempt Deputies who worked for Defendant within the last three years who were not paid proper and complete overtime compensation for all hours worked in excess of 40 hours in one or more workweeks." [Record No. 1, p. 2] In addition to the named plaintiffs, four former employees of the FCSO have consented to join the proposed class action. [Record Nos. 2, 11, 19]

## II.

The plaintiffs assert that they and other FCSO deputies were entitled to time and a half for all hours worked in excess of forty hours per week. [Record No. 1] They claim that the defendant paid its employees less than time and a half for overtime hours, in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1). Employers that violate these provisions can be held liable for any unpaid wages or compensation plus an equal amount in liquidated damages. 29 U.S.C. § 216(b). Similarly situated employees may collectively recover compensation from their employer under the FLSA in opt-in, class-action litigation. *Id.; see also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). Section 216 of the FLSA establishes two requirements for representative actions: (i) the plaintiffs must actually be "similarly situated," and (ii) all plaintiffs must opt-in the suit by providing written consent to participating in the collective action. *Id.*

The FLSA does not define "similarly situated," but courts in the Sixth Circuit apply a two-step approach to determine whether a collective action is proper. *Baptist Mem'l*, 699 F.3d at 877; *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583-85 (6th Cir. 2009); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Under this approach, the Court first determines during the "notice stage" whether the plaintiffs have presented sufficient evidence of similarly situated putative plaintiffs to warrant court-facilitated notice and to conduct discovery. *Id.* No fixed framework exists for determining whether the Court should grant conditional certification during this stage, but the prevailing practice is to require plaintiffs to establish at least a "colorable basis" for their claim that the class of putative plaintiffs exists and that the class members are similarly situated. *See, i.e., Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002). The burden is not great; only a modest factual showing is required. *Comer,* 454 F.3d at 547. This fairly lenient standard accounts for the fact that only minimal evidence is available to the parties at this stage in the litigation. If the Court is satisfied that the plaintiffs have met his burden, conditional certification is granted. *Id.* at 546-47.

The second stage, referred to as "decertification," follows substantial discovery and typically occurs on motion of the defendant. *O'Brien,* 575 F.3d at 583. At this stage, courts more closely examine the question of whether the particular members of the collective action are, in fact, similarly situated. *Id.* If a class is not made up of similarly-situated plaintiffs, the Court decertifies the class.

### III.

The plaintiffs' motion concerns the first of the two stages of the collective action standard: conditional certification. To be granted conditional certification of their proposed

class, the plaintiffs must provide evidence sufficient to support an inference that their claims and those of other deputies are "unified by common theories of defendant's statutory violations" or that they and potential class members "suffer from a single, FLSA-violating policy." *O'Brien*, 575 F.3d at 583.

In support of their request for conditional certification, the plaintiffs allege that they are similarly situated to the proposed class of deputies because "non-exempt Deputies were all compensated in the same way and subjected to the same timekeeping and pay practices." [Record No. 15-1, p. 3]  Both of the named plaintiffs have submitted declarations in support of the motion.  [Record No. 15-4]  These declarations state that, during their employment with the FCSO, the plaintiffs were paid a weekly salary, plus some overtime compensation, but "only for some of [the] overtime hours worked."  [*Id.*, p. 2]  The plaintiffs have also submitted the declarations of former deputies James Dunn, Aaron Wilson, and Chester McDaniel who have consented to join the suit.  These declarations reiterate the allegations of the named plaintiffs and are virtually identical to each other.

The FCSO argues that the plaintiffs have failed to carry their burden of showing that they are similarly situated to the class of potential opt-in plaintiffs because "Plaintiffs have failed to show that there are similarly situated members that are interested in joining the proposed class" and "inclusion of the class members sought by Plaintiffs would require the Court to engage in burdensome individualized inquiries."  [Record No. 18, p. 2]

While the evidentiary threshold for demonstrating that similarly situated employees exist is not high, a plaintiff must demonstrate a factual nexus – that is, something more than mere allegations – to warrant conditional certification and the delivery of notice to potential class members.  Allegations in declarations need not be "highly specific," and "it is not

-4-

necessary for the declarants to provide such details as the dates and times they worked overtime hours for which they were not compensated." *Noble v. Serco, Inc.*, 2009 U.S. Dist. LEXIS 89709, at *2 (E.D. Ky. Sept. 28, 2009). However, to warrant a finding that similarly situated employees exist, a plaintiff's declaration must at least allege facts sufficient to support an inference that he or she has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours. *Id.*

In the present case, the plaintiffs have not supplied sufficient independent evidence. There has been no preliminary factual showing that similarly situated individuals exist and desire to take part in the proposed class action. The plaintiffs' declarations contain, at best, conclusory allegations and simply state that the declarants believe other deputies were subjected to similar discrimination.

Although the plaintiffs' declarations vaguely allege "common policies" within the FCSO, the factual allegations offer insufficient support. Rather than consistent, continuous payment policies and procedures, the declarations allege that deputies were "often" paid a flat fee for overtime work, received "some overtime compensation," and were compensated for "some of their overtime hours worked." [Record No. 15-4, p. 2] The declarations do not sufficiently show that FLSA violations suffered by the plaintiffs were the product of an office-wide policy. The plaintiffs have failed to provide support for their allegations that the defendant had pay policies that resulted in the denial of overtime pay to all of its deputies.

In addition, the declarants do not name specific class-members who are expected to join the case. Instead, they refer merely to anonymous "other sheriff's deputies" with whom they have discussed the lawsuit. [Record No. 15-4, pp. 4, 7, 10, 13, 16] None of the deputies to submit affidavits in support of the plaintiffs' motion attested to personally

observing any deputy work more than his or her contracted number of hours or more than forty hours per week. Similarly, none of the plaintiffs provide the names of any co-workers who worked hours for which they were not paid or any deputy who expressed a desire to join the proposed class.

Further, the plaintiffs' proposed class is overly broad. The defendant notes that deputies at the FCSO are separated into the following divisions: Field Operations, Warrants, Domestic Violence, Sex Offender Compliance, Court Security, Fugitive Extradition, Training, and Process. [Record No. 18, p. 10] There is no evidence indicating that all deputies performed the same job duties warranting overtime payment. Additionally, both the named plaintiffs and the deputies who have opted in are *former* employees. There is insufficient evidence that current deputies are similarly situated to the plaintiffs.

In short, the statements provided in support of the plaintiffs' motion for conditional certification do not include facts from which the Court could draw an inference that other deputies worked more than their contracted hours or worked more than forty hours a week without being compensated for overtime. Evidence that the plaintiffs themselves and the opt-in deputies have been deprived of overtime compensation is not sufficient to demonstrate a class of similarly situated employees. Nor is the Complaint sufficiently detailed with respect to the alleged statutory violation that this Court may infer a uniform policy with respect to uncompensated hours worked by the deputies. Absent some factual showing that similarly situated employees exist or that the defendant's pay practices were consistent, conditional certification is improper.

Despite the fact that they need make only a modest factual showing to satisfy the "similarly situated" requirement of § 216(b) at the conditional certification phase, the

plaintiffs have not done so.  Because they have not met their standard of proof that the FLSA claim is not individual to them and the deputies who have opted in, the Court need not consider the plaintiffs' proposed notice to collective class members.

### IV.

The plaintiffs have not shown that members of the proposed class are similarly situated with respect to the circumstances rendering the defendant's alleged failure to pay overtime in violation of the FLSA.  Conditional certification of the proposed class is inappropriate.  Accordingly, it is hereby

**ORDERED** that the plaintiffs' motion for conditional certification [Record No. 15] is **DENIED**.  The Court will not facilitate notice to members of the proposed class.

This 5th day of February, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge