UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VAN BERRY and JOSHUA BEDSON, Individually and on Behalf of Those Similarly Situated, | ) ) ) ) | Civil Action No. 5: 14-356-DCR |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| OFFICE OF THE FAYETTE COUNTY SHERIFF, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Fayette County Sheriff's Motion for Sanctions. [Record No. 50] The defendant argues that the plaintiffs inaccurately answered the defendant's Requests for Admissions, causing the defendant to expend time and resources proving the falsity of the answer. In response, Plaintiffs Berry and Bedson argue that there is no basis for sanctions because the subject Request for Admission could not be answered until further discovery had taken place. [Record No. 57, p. 1-2] For the reasons set forth below, the defendant's Motion for Sanctions will be denied.

On September 4, 2014, the plaintiffs filed suit against their former employer, the Office of the Fayette County Sheriff, seeking "unpaid overtime compensation, unjust enrichment, declaratory relief, and other relief under the Fair Labor Standards Act [] and Kentucky law[.]" [Record No. 1, p. 1] Their claims concern the compensation for hours worked as deputies.

The defendant served Requests for Admissions on January 16, 2015. [Record No. 17] Specifically, Request for Admission No. 3 states: "[p]lease admit the Plaintiffs' received payment for working football games in their paycheck as part of their regular pay." [Record Nos. 50, p. 1; 57, p. 3] In response, the plaintiffs "[a]dmitted that some payment was included but it did not show overtime pay or the [sic] add up to the hours we worked." [Record Nos. 50, p. 1; 57, p. 4]

As a result of the plaintiffs' response, the defendant contends that it had to "locate and copy contracts it has with UK Athletics," obtain and copy "information that is provided to UK for payment of the work performed by the sheriff's office," and redact "hundreds of pages of supporting documents." [Record No. 50, p. 3] In addition, the defendant laments that it was "forced to endure this facet of sensationalized media attention orchestrated by the Plaintiffs' unfounded and unexamined allegations." [*Id.*] Following the defendant's production of the relevant documents, the plaintiffs recanted their response. [Record No. 50, pp. 1-2] On April 23, 2015, the defendant moved for sanctions under Federal Rule of Civil Procedure 37(c)(2), seeking to recover "its reasonable costs and fees to prove the truth of its Request for Admission[.]" [Record No. 50]

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that a party may serve on any other party a request to admit the truth of any discoverable fact. Rule 37(c)(2) establishes the enforcement mechanism for Rule 36: "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2). Courts

ordinarily impose Rule 37(c)(2) sanctions when one party reuses to admit a fact and the other party is compelled to prove the truth of that fact to the jury. But nothing in the language of the rule prevents a party from obtaining sanctions when an opposing party initially refuses to admit a fact but later concedes its truth. *McCarthy v. Ameritech Publ., Inc.*, 763 F.3d 488, 491 (6th Cir. 2014). Further, sanctions under Rule 37(c) are mandatory unless:

> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). Under Rule 36(a)(4), an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

The plaintiffs argue that the information sought in Request for Admission No. 3 was of "no substantial importance" in this litigation, invoking exception (B) to Rule 37(c)(2). [Record No. 57, p. 5] They contend that the amount of overtime wages paid to deputies required to work at University of Kentucky football games was not substantially important to the causes of action alleged in their Complaint. This argument plainly lacks merit. The wages paid for football games go to the heart of the plaintiffs' overtime claims, which allege:

> Additionally, Plaintiffs and those similarly situated deputies were routinely required to perform overtime work at football games at the University of Kentucky. However, Defendant failed to pay Plaintiffs the proper overtime

      premiums due for such work, and instead paid them an impermissible flat fee for such work.

[Record No. 1, pp. 5-6] A fact is of substantial importance when it is "material to the disposition of the case," meaning that it tends to prove or disprove one of the disputed elements of the claim. *McCarthy*, 763 F.3d at 492 (quoting *SEC v. Happ*, 392 F.3d 12, 34 (1st Cir. 2004)). Accordingly, the plaintiffs' compensation for overtime work is of substantial importance to the case.

However, the plaintiffs find a safe harbor under 37(c)(2)(C), having reasonable ground to believe they might prevail on the matter. In preparing the Complaint and responding to the Request for Admissions, the plaintiffs relied on the deputies' paystubs, at least some of which indicated that no overtime compensation issued for pay periods in which overtime hours were allegedly worked. [Record Nos. 57, pp. 9-10; 57-4, pp. 7-8] Until further discovery was completed, the amount of overtime wages was subject to dispute by the parties, and it was not unreasonable for the plaintiffs to believe that "some payment was included but it did not show overtime pay" for the correct number of overtime hours. [Record No. 50, p. 1] In addition, it appears that the plaintiffs' response was appropriately tailored to admit the extent of the information within their control.

The Sheriff's Office argues that the plaintiffs could have made a "simple request pursuant to the Kentucky Open Records Act to the Defendant" to reveal the accuracy of the paystubs. [Record No. 61, p. 5] Notwithstanding this option, Federal Rule 36 does not place this type of burden on the plaintiffs. The reasonable inquiry standard does not require the plaintiffs to acquire discovery on the defendant's behalf or collect information from third

parties outside their immediate control for the purpose of responding to requests for admissions. *Petro v. Jones*, 2014 U.S. Dist. LEXIS 31664, at *13 (E.D. Ky. Mar. 12, 2014). Instead, a reasonable inquiry is limited to an inquiry of "persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)." *Id.* at 13-14 (citing *U.S. ex Rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 685 (E.D. Cal. May 12, 2006)).

Moreover, an award under Rule 37(c)(2) compensates for only "reasonable expenses incurred" while refuting the answering party's denial. Fed. R. Civ. P. 37(c)(2). Accordingly, sanctions are inappropriate where the denied admission is proven with evidence that the requesting party would have offered regardless of the denial. *See McHugh v. Olympia Entm't*, 37 F. App'x 730, 743 (6th Cir. 2002) (award inappropriate because there was no "unnecessary expense" where defendant had to present evidence of a fact closely related to that denied); *see also Hillside v. County of Macomb*, 2009 U.S. Dist. LEXIS 87898, at *6 (E.D. Mich. Sept. 24, 2009). Here, the defendant incurred no expense in refuting the plaintiffs' denial of overtime pay for football games because the defendant would have relied on the same documents to defend against the plaintiffs' other claims, regardless of the denial. The defendant concedes that the "cost to collect these records is the same regardless of whether the Plaintiff admitted to receiving overtime payment for security details." [Record No. 61, p. 6] Thus, an award compensating the defendant for those expenses is not appropriate under the facts presented. Accordingly, it is hereby

**ORDERED** that the defendant's Motion for Sanctions [Record No. 50] is **DENIED**.

This 25th day of June, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge