UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VAN BERRY and JOSHUA BEDSON, | ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 5: 14-356-DCR |
| V. | ) ) | |
| OFFICE OF THE FAYETTE COUNTY SHERIFF, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

This matter is pending for consideration of the plaintiffs' motion to amend the Complaint. [Record No. 56] Specifically, the plaintiffs seek to withdraw their claims of unpaid wages for football games and funerals and to add Aaron Wilson and James Dunn as plaintiffs in this action. Defendant Office of the Fayette County Sheriff indicates that it consents to the withdrawal of the plaintiffs' claims, but opposes the addition of Wilson and Dunn as additional plaintiffs. [Record No. 60] For the reasons discussed below, the motion to amend will be granted.

On September 4, 2014, Plaintiffs Van Berry and Joshua Bedson filed suit against their former employer, the Office of the Fayette County Sheriff, seeking "unpaid overtime compensation, unjust enrichment, declaratory relief, and other relief under the Fair Labor Standards Act [...] and Kentucky law[.]" [Record No. 1, p. 1] Their claims concern wages and compensation for hours worked as deputies. Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the plaintiffs moved for certification as a collective action

-1-

to bring claims on behalf of themselves and those similarly situated. [Record No. 15] In addition to the named plaintiffs, four deputies consented to join the proposed collective action,[1] including Wilson and Dunn. [Record Nos. 2, 11, 19] On February 5, 2015, the plaintiffs' motion for conditional certification was denied. [Record No. 22] Two of the four plaintiffs who opted in have now withdrawn, and the case has continued as an individual action. [Record Nos. 46, 55] The Court entered a Scheduling Order, and the parties proceeded with discovery. [Record No. 23] Now, the plaintiffs have moved to file an Amended Complaint, withdrawing a number of claims but naming Wilson and Dunn as additional plaintiffs. [Record No. 56]

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Under this rule, the plaintiffs' opportunity to amend the Complaint as a matter of course has passed. *See* Fed. R. Civ. P. 15(a)(1)(A), (B) (establishing window in which plaintiffs may amend as of right). As a result, the plaintiffs may amend only with the defendant's written consent or the Court's permission. Fed. R. Civ. P. 15(a)(2). Rule 15 counsels that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, collective actions under FLSA require putative class members to opt into the class. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

The Scheduling Order filed February 6, 2015, gave the parties until February 27, 2015 to "file any motions to join additional parties or motions to amend pleadings." [Record No. 23] Because the plaintiffs' motion to amend has been made after the time for amending has expired, Rule 6 of the Federal Rules of Civil Procedure governs the request and requires a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1). In determining whether excusable neglect has been demonstrated, the Court balances the following factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the moving party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Ptsp. (In re Pioner Serv., Inc.)*, 507 U.S. 380, 395 (1993)).

As an initial matter, there is no prejudice to the defendant because the opt-in plaintiffs are already parties to this action; the Motion to Amend only adds their names to the Complaint. The United States Court of Appeals for the Sixth Circuit has held that, under the FLSA, "opt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action." *O'Brien v. Ed Donnelly*, 575 F.3d 567, 583 (6th Cir. 2009). Wilson and Dunn became opt-in party plaintiffs upon the filing of their respective consents to join on September 4, 2014. [Record No. 2] A motion to proceed as a collective action is not required for an opt-in plaintiff to be considered a party plaintiff, and nothing in the FLSA suggests that a denial of certification revokes party-plaintiff status for plaintiffs who have already opted-in. *See Alfonso v. Straight Line Installations, LLC*, 2010 U.S. Dist. LEXIS

145781 (M.D. Fl. Feb. 10, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)). If the defendant disputed the parties' standing following the denial of certification, the appropriate remedy lies in a motion to dismiss. Instead, the defendant proceeded with discovery, which included the opt-in plaintiffs.

The second and fourth factors in the balancing test favor the defendant. The plaintiffs' delay in filing the proposed Amended Complaint was lengthy – over two months after the deadline established in the Scheduling Order. [Record No. 23] In addition, the delay was within the reasonable control of the plaintiffs, who could have filed the present motion at any time. However, because the defendant had notice of the opt-in plaintiffs' claims and the parties participated in discovery, no undue prejudice resulted from the delay.

According to the plaintiffs, the delay in filing the present motion was occasioned because "Defendant did not raise the issues of whether Mr. Wilson and Mr. Dunn were properly named as Plaintiffs until early April," after the Court's deadline to amend. [Record No. 56, p. 5] However, the plaintiffs waited until May 13, 2015 to request leave to amend. [Record No. 56] While the delay was a result of the plaintiffs' own actions, the Court does not conclude that they were acting in bad faith. Wilson and Dunn filed consents to join the action as opt-in plaintiffs prior to the denial of conditional certification and well before February 27, 2015, the deadline to add parties under the Court's Scheduling Order. [Record No. 23] In fact, Wilson and Dunn opted in on the same date as the Complaint was filed. [Record No. 2] They have exchanged discovery responses and requests with the defendant,

and Wilson was deposed on April 15, 2015.[2]  [Record No. 44]  Undeniably, a better practice would have been for plaintiffs' counsel to seek to amend the Complaint immediately following the denial of conditional certification.  However, the Court's prior Order does not preclude the opt-in plaintiffs from participating in this action.

Finally, judicial economies favor maintaining the opt-in plaintiffs in this action.  The Supreme Court explained in *Hoffman-La Roche, Inc. v. Sperlin*, 493 U.S. 165, 170 (1989), that the FLSA implicitly grants district courts the "procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  The proposed Amended Complaint is based on the same facts and circumstances as the operative Complaint.  To prevent the plaintiffs from filing their Amended Complaint now would merely delay the resolution of their claims and result in duplicative litigation.  Balancing the relevant factors, the Court finds excusable neglect and will grant the plaintiffs' motion for leave to file the tendered Amended Complaint.  Accordingly, it is hereby

**ORDERED** that the plaintiffs' Motion to Amend Complaint [Record No. 56] is **GRANTED**.  The Clerk of Court is directed to file the Amended Complaint previously tendered by the plaintiffs [Record No. 56-1].

---

[2]  Dunn was also scheduled for a deposition, which was subsequently canceled.  [Record Nos. 30, 36]  The plaintiffs advise that his deposition is being rescheduled around pre-existent conflicts.

This 10th day of July, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge