UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VAN BERRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-356-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| OFFICE OF THE FAYETTE COUNTY | ) | **MEMORANDUM OPINION** |
| SHERRIFF, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs to this action were previously employed as deputies by Defendant Office of the Fayette County Sheriff ("Sheriff's Office"). [Record No. 66] In 2014, the plaintiffs brought suit against the Sheriff's Office for unpaid overtime, liquidated damages, and attorney's fees and costs based on alleged violations of the Fair Labor Standards Act and Kentucky's wage and hour laws. [Record Nos. 1 and 66] Regarding the merits of the plaintiffs' claims, the parties agree that every work day, at the end of first shift (lasting from 8:00 a.m. to 4:00 p.m.), deputies who were not occupied with other job-related tasks were required to attend a roll call. They also agree that the Sheriff's Office had a general rounding policy, requiring employees to round the time they worked to the nearest quarter of an hour.

On December 16, 2015, the Court denied the parties' cross-motions for summary judgment.[1] [Record No. 95] Trial is currently scheduled to commence on March 8, 2016. The matter is currently pending for consideration of three motions in limine filed by the

---

[1]       The Court granted the plaintiff's motion for summary judgment solely on the issue of the defendant's sovereign immunity defense. [Record No. 95]

plaintiffs. [Record Nos. 97, 98, and 99] The plaintiffs' first motion in limine seeks to prohibit the defendants from offering testimony at trial regarding the dates that the plaintiffs attended roll call or the length of the relevant roll calls. [Record No. 97] They contend that the Sheriff's Office should be precluded from offering such testimony because the defendant only provided three years of pay roll records and destroyed the daily information. *Id.* For support, the plaintiffs cite *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), *overruled on other grounds by Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 517 (2014). In *Mt. Clemens*, the Supreme Court held that, when an employer fails to keep accurate or adequate pay records, the burden of proof shifts to the employer to produce evidence of the precise amount of work performed by each employee. *Id*. at 687-88.

However, the plaintiffs fail to explain why the burden-shifting principle from *Mt. Clemens* would prevent the defendant from offering evidence regarding the roll calls here. Rather, *Mt. Clemens* suggests that, to meet its burden at trial, the Sheriff's Office *must* offer other evidence that demonstrates how much time the plaintiffs actually spent working. Further, the plaintiffs have not cited authority that would support allowing them to testify regarding the amount of time they claim to have worked, while prohibiting the defendant from offering any contrary evidence. Thus, this motion in limine will be denied.

The plaintiffs also asks the Court to bar the Sheriffs' Office from introducing evidence regarding the plaintiffs' paid thirty-minute lunch break. [Record No. 98] In its motion for summary judgment, the Sheriff's Office argued that the plaintiffs' paid lunch break offset any overtime they might have accrued from attending roll call. [Record No. 82] Based on the regulations implementing the FLSA and the related case law, the Court rejected the defendant's argument on this point. [Record No. 95] Without waiting any objections to

this ruling, the Sheriff's Office agreed that, based on the court's prior opinion, it would be inappropriate to raise the paid lunch break issue during trial.  [Record No. 108]  Accordingly, this motion in limine will be granted.

Finally, the plaintiffs seek to prevent the Sheriff's Office from arguing that the roll call time was *de minimis* or that the plaintiffs failed to mitigate their damages.  [Record No. 99]  The Sheriff's Office argues that its rounding policy ensured compensation for any overtime that was more than *de minimis.*  The plaintiffs, on the other hand, assert that their supervisors told them not to record the roll calls at all and that, at the very least, the time spent in roll call was more than *de minimis* when considered in the aggregate.  Because this dispute represents a genuine issue of material fact, the Court held in its order denying summary judgment that the *de minimis* argument was a question for the jury to decide. [Record No. 95]

However, in their motion in limine, the plaintiffs now argue that "it is well-settled that there is no exception to excuse non-payment in connection with a rounding policy."  [Record No. 99]  They cite to a single unpublished case from the United States District Court for the Central District of California that is not controlling here.  The plaintiffs also rely on two Second Circuit cases for the proposition that the *de minimis* exception does not apply because the Sheriff's Office destroyed the daily roll call records.  Additionally, the plaintiffs contend that failure to mitigate is not a defense to FLSA claims.  As support, the plaintiffs cite a number of unpublished federal cases.  However, none is controlling.  In the absence of controlling legal authority, this Court will not prevent the Sheriff's Office from pursuing either defense at trial.

Accordingly, it is hereby

**ORDERED** as follows:

1.     The plaintiffs' motion in limine seeking to preclude the defendant from offering general testimony regarding the dates the plaintiffs attended roll call [Record No. 97] is **DENIED**.

2.     The plaintiffs' motion in limine seeking to preclude the defendant from introducing evidence regarding paid lunch breaks [Record No. 98] is **GRANTED**.

3.     The plaintiffs' motion in limine seeking to prohibit the defendant from raising a *de minimis* or a failure to mitigate defense [Record No. 99] is **DENIED**.

This 10th day of February, 2016.

Signed By:

*Danny C. Reeves*   DCR

United States District Judge