UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VAN BERRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-356-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| OFFICE OF THE FAYETTE COUNTY SHERRIFF, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

During the final pre-trial conference, the plaintiffs objected to the expected testimony of Lexington Police Chief Dewayne Holman, whose has been identified as a potential witness for the defendant. [Record No. 107] Conversely, the defendant contends that the plaintiffs should be prohibited from calling Komisca Lane and Silvia Albright as witnesses. [Record No. 110] Thereafter, the parties submitted supplemental memoranda regarding these potential witnesses. [Record Nos. 120 and 121] As discussed below, the proposed testimony of Chief Holman is not relevant to the issues to be presented for the jury's consideration and, therefore, will be excluded. The plaintiffs indicate that they are no longer planning to call Komisca Lane as a witness. As a result, the objection to her proposed testimony is moot. Finally, the Court will overrule the defendant's objection to the proposed testimony of Silvia Albright.

   **I.   Chief Dewayne Holman**

The defendant proposes to offer the testimony of Chief Holman to explain how the Lexington Police Department rounds time and conducts roll calls. [Record No. 107, p. 2] At

-1-

the pre-trial conference, the defendant explained that Chief Holman's testimony would be relevant to showing that the sheriff's office's similar rounding and roll call procedures are not unusual. However, the plaintiffs argue that Chief Holman should be excluded because: (i) his identity as a witness was not disclosed during discovery; (ii) his testimony is irrelevant; and (iii) his testimony would be unduly prejudice and would create jury confusion. [Record No. 121, p. 2]

The Scheduling Order entered in this case required the parties to make their initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by February 16, 2015. [Record No. 23, p. 1] The parties also were required to supplement their disclosures no later than thirty days prior to the close of discovery on September 1, 2015. *Id.* at 2. The Sheriff's Office did not disclose Chief Holman until it filed its witness list on January 27, 2016, or nearly six months after the supplementation deadline. [Record No. 107] Because the defendant failed to timely disclose Chief Holman under Rule 26(a) and has not explained why that failure was harmless or substantially justified, exclusion of the witness's proposed testimony may be excluded under Rule 37(c)(1). Fed. R. Civ. P. 37(c)(1). *See Roberts ex. rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (Rule 37(c)(1) "requires absolute compliance with Rule 26(a)[;] that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.").

More importantly, however, Chief Holman's testimony will be excluded because it is irrelevant. The defendant contends that Chief Holman's testimony will tend to show that the sheriff's office applies a rounding practice similar to the practice followed by other law enforcement agencies. [Record No. 120, p. 1] But the question of whether the sheriff's

office utilized a rounding policy is not in dispute. The parties agree that, as a general matter, the sheriff's office required its employees to round their time to the nearest quarter hour. However, the plaintiffs contend that their supervisors told them not to record time spent in roll calls regardless of the rounding policy. Alternatively, they argue that, under these particular circumstances, the rounding policy favored the sheriff's office over a period of time. *See* 29 C.F.R. § 785.48(b).

Chief Holman's testimony regarding the procedures of a different law enforcement agency does not tend to make any disputed fact in this case more or less probable. *See* Fed. R. Evid. 401. Therefore, this proposed testimony will be excluded under Rule 401 of the Federal Rules of Evidence. *See Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-Civ, 2009 WL 465071, at *3 (S.D. Fla. Feb. 23, 2009) ("[I]f the Court were to permit the jury to consider evidence of [industry custom] as a fact in determining whether [an employment] practice was legal, it would, in essence, be allowing the industry to dictate the legality of its own practices.")

### II. Komisca Lane

The plaintiffs have agreed to withdraw Lane as a potential witness. [Record No. 121, p. 5] Therefore, the issue regarding her testimony is moot.

### III. Silvia Albright

As a paralegal for the plaintiffs' counsel, Albright purportedly prepared summaries of the plaintiffs' timesheets and pay records. The plaintiffs originally included Albright on their witness list so that she could lay a foundation for admission of those summaries. [Record No. 110, p. 2] Now, the plaintiffs claim that Albright's summaries qualify as secondary-evidence summaries and can be published to the jury without her testimony. [Record No.

121, p. 7] In *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998), the Sixth Circuit defined secondary-evidence summaries as summaries admitted along with the evidence they summarize "because in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence." Unlike primary-evidence summaries offered under Rule 1006 of the Federal Rules of Evidence, secondary-evidence summaries may be admitted without foundational testimony by the person who prepared them. *Id.* However, the *Bray* Court held that secondary-evidence summaries are unusual. *Id.*

The Sheriff's Office has objected to all of Albright's summaries as being inaccurate and unreliable. [Record No. 114] After reviewing the summaries that the plaintiffs intend to offer into evidence, the Court finds that they are not sufficiently accurate and reliable for classification as secondary-evidence summaries. Thus, the plaintiffs must offer testimony to lay the foundation for the summaries.

The sheriff's office argues that Albright cannot testify because the plaintiffs intend to introduce her as an expert on damage calculation and she was not disclosed as an expert. However, the Sheriff's Office offers no authority in support of this theory. There is nothing unusual about introducing a lay witness for the purpose of laying the foundation for a summary. The act of preparing summaries does not, by itself, transform Albright into an expert on damages.

The sheriff's office also argues that Kentucky's Professional Rules of Conduct require all four of the plaintiffs to sign waivers before Albright testifies. [Record no. 120, p. 4] However, the provisions of the Professional Rules of Conduct upon which the Sheriff's Office relies only apply to attorneys. The sheriff's office fails to explain how those

-4-

-5-

provisions relate to an attorney's support staff. In short, the sheriff's office has failed to provide any authority for its original contention that Albright should be precluded from testifying.

The Court will permit Albright to offer foundational testimony regarding the summaries that she prepared. But that does not mean that the summaries are otherwise admissible. Further, Albright will be subject to cross-examination regarding all aspects of her work in preparing the subject documents. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiffs' objection to the proposed testimony of Chief Dewayne Holman is **SUSTAINED**.

2. The defendant's objection to the proposed testimony of Sylvia Albright is **OVERRULED**.

This 7th day of March, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge